IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-01896-WDM-OES
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,
Plaintiff, and
KAREN STENVALL,
Plaintiff in intervention,
v.
THE DENVER NEWSPAPER AGENCY, LLP,
Defendant.

## STIPULATED PROTECTIVE ORDER

Upon consideration of the parties' Stipulated Protective Order concerning certain
confidential information and documents to be disclosed during discovery, and it
appearing to the Court that sufficient cause exists for the issuance of such Order, it is

ORDERED as follows:

1.      A party may designate as CONFIDENTIAL any document produced (including
information disclosed pursuant to Fed. R. Civ. P. 26), discovery response (*e.g.*,
document, interrogatory response, or deposition testimony) containing confidential
information, if the party in good faith contends that the document produced, response,
or testimony contains information in one of the following categories:

    a.      personnel and medical files and similar files the disclosure of which would

            constitute a clearly unwarranted invasion of personal privacy, which is

            agreed to include Plaintiff Intervenor Karen Stenvall's medical and

            financial records including but not limited to payroll information, tax

returns, contracts and terms of any employment after Defendant, names

of her health care providers and documents reflecting her medical

treatment or diagnosis,

b.      trade secrets and commercial or financial information of DNA, and

c.      any other record or information exempted from disclosure under the

Freedom of Information Act, 5 U.S.C. Sec. 552(b).

As used in the Protective Order, "document" is defined as provided in Fed. R.

Civ. P. 34(a).  A draft or non-identical copy is a separate document within the meaning

of this term.

The designation of a document as CONFIDENTIAL may be made only by a

party, an attorney or paralegal with training (however, any designation by a paralegal

must be reviewed by an attorney) in what constitutes confidential information.

Where appropriate, any information designated as CONFIDENTIAL shall be

clearly designated by placing or affixing on the information (in a manner that will not

interfere with legibility) the following or other appropriate notice:  "CONFIDENTIAL."

Any information designated as CONFIDENTIAL and filed with the Court shall be filed

under seal.  All information designated as CONFIDENTIAL shall be kept in the custody

of counsel of record for the party receiving the information and shall not be used except

for purposes of this case.  Except pursuant to Court order, no party receiving any

information designated CONFIDENTIAL, or any of their attorneys, consultants,

witnesses or agents, shall reveal, display or disclose any information designated as

CONFIDENTIAL except, solely for the purposes of this case, to the parties; to counsel

of record herein; to the paralegals, consultants, or other agents under the direct

supervision of counsel of record, solely for the purpose of assisting counsel of record in this case; to any witnesses endorsed by any party or any person whom counsel in good faith considers to be a potential witness, but only insofar as is necessary relative to matters pertaining to the testimony or anticipated testimony of such witness or potential witness; or at the trial, or at any appeal or other court proceeding in this case.  If any such CONFIDENTIAL Information is filed with the Court as part of this proceeding, it shall be filed under Seal.

In disclosing any information designated CONFIDENTIAL, as permitted by paragraph 4 above, counsel shall advise the person to whom disclosure is made regarding the terms of this Protective Order and provide such person with a copy of this Protective Order.

A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting the court determine whether the disputed information should be subject to the terms of the Protective Order.  If such a motion is timely filed, the information shall be treated as CONFIDENTIAL under the terms of this Protective Order and any such information shall be filed under Seal until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this

Protective Order.  In connection with a motion filed under this provision, the party

designating the information as CONFIDENTIAL shall bear the burden of establishing

that good cause exists for the disputed information to be treated as CONFIDENTIAL.

Any party may at any time and for any reason seek modification of this

Protective Order.  This Protective Order can be modified only by written agreement of

the parties or by order of this Court.  Each party reserves the right to object to any other

party's motion or request to modify this Protective Order.

If a party objects to a designation of confidentiality, the Court will decide the

issue based on the law, and the confidentiality order will have no presumptive effect.

Dated at Denver, Colorado, this day of:  November 2, 2005

BY THE COURT:

s/ O. Edward Schlatter

_____
O. Edward Schlatter
United States Magistrate Judge

**APPROVED:**


s/ Rita Byrnes Kittle
Rita Byrnes Kittle
303 E. 17th Avenue #510
Denver, CO 80204
Telephone: (303) 866-1347

Facsimile:  (303) 866-1085
rita.kittle@eeoc.gov

Attorney for Plaintiff EEOC

s/Mary Hurley Stuart
Mary Hurley Stuart, Colo. Bar No. 10947
Nadia Sarkis, Colo. Bar No. 36441
Holme Roberts & Owen LLP
1700 Lincoln Street, Ste. 4100

Denver, Colorado 80203-4541
Telephone:  (303) 861-7000
Facsimile:    (303) 861-2000
mary.stuart@hro.com
nadia.sarkis@hro.com

**D.C. Box 7**

Attorneys for Defendant Denver Newspaper
Agency


s/ Eldon Silverman
Eldon Silverman
Preeo Silverman Green & Egle
1401 17th Street #800
Denver, CO 80202
Telephone: (303) 296-4440
Facsimile:  (303) 296-3330
eldon@preeosilv.com

Attorney for Plaintiff/Intervenor Karen Stenvall