IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-01896-WDM-MEH

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff, and

KAREN STENVALL,

    Plaintiff in intervention,

v.

THE DENVER NEWSPAPER AGENCY, LLP,

    Defendant.

## ORDER ON PENDING NONDISPOSITIVE MOTIONS

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

Before the Court are Plaintiff EEOC's Motion to Compel Discovery [Docket #31], Plaintiff EEOC's Motion to Quash Subpoena and for Protective Order [Docket #42 (44)], and Defendant's Motion for a Protective Order and Motion to Quash Subpoena Served on Counsel of Record [Docket #46]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.L.Civ.R 72.1, these matters have been referred to this Court for resolution. The Court conducted a hearing on these matters on March 28, 2006, and Orders the following:

**I.**      **EEOC's Motion to Compel (#31)**

Plaintiff EEOC informed the Court that the parties have resolved this matter. Plaintiff's Motion to Compel is, therefore, **denied** as moot.

**II.**      **EEOC's Motion to Quash Subpoena (#42, 44)**

Defendant sought to depose EEOC Investigator Kim Rogers on her role in the conciliation

process. Defendant argues that her testimony is relevant to Defendant's argument that the EEOC failed to undertake reasonable efforts in the conciliation process, a statutory prerequisite to the EEOC filing a lawsuit. Defendant admits that this deposition is unnecessary if the EEOC does not offer testimony by Ms. Rogers regarding the conciliation process. EEOC argues that the information sought is a privileged part of the EEOC's deliberative process. EEOC further contends that it must reserve the right to call Ms. Rogers to testify in the unlikely event that she is needed to serve as an impeachment witness. Moreover, whether EEOC's conciliation efforts were reasonable is likely to be decided by the Court prior to trial as a matter of law, ensuring that any testimony of Ms. Rogers at trial is unrelated to the conciliation process.

The Court finds that the deposition of Ms. Rogers is unnecessary in this case based on the following representations by the EEOC: (1) Ms. Rogers will not be listed as a will-call or may-call witness; (2) all non-privileged documents relating to conciliation, including any upon which the EEOC would rely in opposing a motion for summary judgment based on the alleged failure to conciliate, have already been produced by EEOC; and (3) Ms. Rogers will not submit a sworn statement in this case. Plaintiff EEOC's Motion to Quash Subpoena and for Protective Order is, therefore, **granted**, based on the preceding representations of the EEOC.

### III.  Defendant's Motion for a Protective Order and Motion to Quash Subpoena Served on Counsel of Record (#46)

The parties have indicated that judicial resolution of this motion may not be necessary pending Defendant's supplementation of Plaintiff EEOC's written discovery requests. Counsel for EEOC and Defendant are directed to initiate a conference by telephone with the Court on Monday, April 3, 2006, indicating whether this Motion has been resolved. If necessary, the Court will direct any

additional briefing at that time or enter any other appropriate orders.

**III.    Conclusion**

Accordingly, Plaintiff EEOC's Motion to Compel Discovery [Filed November 1, 2006; Docket #31], is **denied** as moot.  Plaintiff EEOC's Motion to Quash Subpoena and for Protective Order [Filed December 14, 2006; Docket #42] is **granted**, based on the EEOC's representations listed herein.  The parties are directed to inform the Court by telephonic conference on Monday, April 3, 2006, of whether Defendant's Motion for a Protective Order and Motion to Quash Subpoena Served on Counsel of Record [Docket #46] has been resolved.

IT IS SO ORDERED:

Dated at Denver, Colorado, this 29th day of March, 2006.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

3